THE PEOPLE OF PUERTO RICO, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, AGUADILLA PART, MODESTO VELÁZQUEZ FLORES, JUDGE, Respondent; JOSÉ E. ACEVEDO CRUZ, Intervener.

No. C-66-51.     Decided April 6, 1967.

*J. B. Fernández Badillo, Solicitor General,* and *Elpidio Arcaya, Assistant Solicitor General,* for petitioner. *Héctor Reichard* for intervener.

MR. JUSTICE HERNÁNDEZ MATOS delivered the opinion of the Court.

On November 17, 1965 the prosecuting attorney of the Superior Court, Aguadilla Part, filed an information against intervener, Acevedo Cruz, charging him with a violation of § 5-801 of the Vehicle and Traffic Law of Puerto Rico, Act No. 141 of 1960, consisting in that, on September 19 of that year, he was driving a motor vehicle in a public thoroughfare under the influence of intoxicating liquor.[1]

On April 19, 1966 the case was called for trial and on that occasion, Acevedo Cruz, assisted by his attorney, personally pleaded guilty and moved that sentence be pronounced immediately. He was ordered to pay a fine of $100 and the suspension of his license for the period of 1 year, "retroactive to the date on which his license was seized, September 19, 1965."

In that manner, the additional penalty provided by § 5-802 (d) of Act No. 141 of 1960,[2] in cases for driving motor vehicles under the influence of intoxicating liquor, as such penalty, would operate prospectively, not for one year, but only for five months.

---

[1] The signature of the prosecuting attorney appears from the face of the information, but not the signature of the clerk of the court who administered the oath, identical situation to that in *People* v. *Bermúdez,* 72 P.R.R. 4 (1951). See Rules 34, 35(e) and 64(c) of the Rules of Criminal Procedure. Probably defendant's attorney could not notice it, because of the common practice of serving defendant with copies of the information with signatures in blank.

[2] Said subdivision (d) provides the following:

"(d) In case of a first conviction the court shall, in addition to the above penalties, decree the suspension of the driver's license for a period of not less than one (1) year nor more than two (2) years, and in case of recidivism the revocation shall be permanent."

On motion of the Solicitor General, we issued a writ of certiorari to review the sentence in that part which orders the suspension of the license with retroactive effect.

In his brief the Solicitor General maintains:

"The provision aforecited is silent as to the date on which the period of suspension of the license begins to run. The examination of other provisions of the same Act leads us to the conclusion that the period is reckoned from the date of the conviction.

"Section 11-102(a)—9 L.P.R.A. § 1642—provides:

'Whenever under the provisions of this chapter or its regulations a court suspends or revokes the license of a person authorized to drive motor vehicles, the judge shall seize the license of the affected driver and the clerk of the trial court shall forward same to the Secretary together with a certified copy of the judgment, containing a clear statement of the terms of the suspension or revocation.'

"On the other hand, § 11-103—9 L.P.R.A. § 1643—provides:

'Where a person is convicted of an offense which, had he been a licensed driver, would have entailed suspension of his license, the Secretary shall not issue to said person a driving license for a period equal to the one such suspension would have entailed, *reckoning from the date of the conviction.*' (Italics ours.)

"Construing the different sections aforecited, this court had the opportunity to indicate the rule to be followed whenever it became necessary to decree the suspension of the driving license:

'The starting point for computing the period of suspension should not be different in the case of a convict authorized to drive, since the purpose of the Act in both cases is the same, to protect the public, temporarily or permanently, against the risk which a driver of motor vehicles under the influence of intoxicating liquor represents on the highways. The driver's license of a convict authorized to drive is suspended for a specified period, and a convict not authorized to drive is denied authorization (nonissuance of license) to drive for a like period. Therefore, since the purpose of the Act is the same in both cases, there would be no justification for establishing a distinction in the manner of computing the

period of suspension in order to favor an unauthorized driver. *People* v. *Pérez Escobar,* decided October 6, 1964 (Advanced Sheet Bar Association, 1964-158 [91 P.R.R. 9]). See, also, the case of *Luis Arana Rodríguez* v. *Superior Court, San Juan Part, etc.,* decided March 26, 1965 (Advanced Sheet Bar Association, 1965-61 [92 P.R.R. 140]).'

"The suspension of the driving license as decreed by the respondent court, had the effect, in contravention of the provisions of the Traffic Law, of limiting the period of suspension to a period shorter than that established by the statute, which period, as we have shown, should not be less than one year. 9 L.P.R.A. § 1042(d)."

On the other hand, the intervener's attorney maintains that having made the suspension of the license retroactive "seems to conform to the most equitable rule" because the intervener's punishment started to run from the time his license was seized, since the accusation did not operate, as in the case of the ticket system, as a provisional driving permit, and that the manner in which the suspension period was ordered must be justified by its analogy with the situation which produces the deduction of the time which the defendant was confined awaiting trial authorized by Rule 182 of the Rules of Criminal Procedure.

During the investigation of this kind of violation of the Traffic Law the magistrate who believes there is probable cause for the commission of the offense for the purpose of arresting the offender, pursuant to § 5-804(b), said magistrate shall "forthwith seize his driving license."

Undoubtedly, based on the warrant of arrest of September 19, 1965, and upon determination of probable cause, the intervener's license was seized, and later he confessed in open court having driven, then, a motor vehicle under the influence of intoxicating beverages.

That measure of temporary security was not considered by the lawmaker as the sole or full social guarantee. It provided something else. As an additional penalty "to the

first conviction," it imperatively ordered the suspension of the license for a period of one or two years. In cases of recidivism the revocation shall be permanent.

Evidently, this is an additional penalty on the assumption of a first conviction. Therefore, the starting point to reckon the period of suspension is the date on which judgment was rendered by the Superior Court.

█ In its effects the time a citizen has been deprived of his liberty awaiting trial is not comparable or similar to the mere seizure of a motor vehicle driving license. In the absence of a law or ruling authorizing the deduction in the latter case, the respondent court was not authorized to make the suspension retroactive.

The part of the judgment rendered against the intervener, which is challenged, will be modified so as to provide that the period of one year of suspension of the driving license will be reckoned as of April 19, 1966.